UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES STEPHEN ZIMMERMANN,

        Plaintiff,                      Case No. 1:14-cv-349

v.                                            Honorable Paul L. Maloney

ELISIA HARDIMAN,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff currently is incarcerated in the E.C. Brooks Correctional Facility (ECF). In 2008, he was convicted in the Saginaw County Circuit Court for aggravated stalking, MICH. COMP. LAWS § 750.411i; extortion, MICH. COMP. LAWS 750.213; attempted unlawful imprisonment, MICH. COMP. LAWS § 750.349b; and felonious assault, MICH. COMP. LAWS § 750.82. *See Zimmerman v. Smith*, 1:11-cv-568 (W.D. Mich.). Two years later, Petitioner was convicted in the Saginaw County Circuit Court of subornation of perjury, MICH. COMP. LAWS § 750.424; attempting to solicit another to possess a controlled substance with intent to deliver, MICH. COMP. LAWS § 333.7407a(1); and threatening or intimidating a witness, MICH. COMP. LAWS § 750.122. According to Petitioner, the 2010 offenses were related to his previous convictions.

In his *pro se* complaint, Plaintiff sues former ECF Librarian Elisia Hardiman. Plaintiff claims that he was provided with a legal writer to assist him with his criminal appeals at all five of the facilities where he previously was incarcerated. However, upon his arrival at ECF, Hardiman allegedly denied Plaintiff's request for a legal writer, as well as Plaintiff's request for copies of the work done by the legal writers who had assisted him in the past. Plaintiff further claims that Hardiman denied him access to the law library. As a result of Hardiman's conduct, Plaintiff claims that he was unable to file a timely habeas corpus petition with regard to his 2010 convictions.[1] Plaintiff also alleges that Hardiman denied him indigent loans for legal copies for other federal complaints. Hardiman was replaced by another librarian on July 23, 2013. Plaintiff claims that he has not had any problems with the new librarian.

---

[1] Plaintiff previously filed a habeas corpus action in this Court concerning his 2008 convictions. Following plenary review of the petition, it was dismissed with prejudice on January 29, 2014. *See Zimmerman v. Smith*, 1:11-cv-568 (W.D. Mich.)

For relief, Plaintiff asks for the Court to allow him to file a federal habeas corpus action challenging his 2010 convictions. In addition, he requests the assistance of a legal writer and copies of all work done by his previous legal writers. Plaintiff also seeks fees and costs.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

Contrary to his assertions, Petitioner cannot show that Defendant Hardiman prevented him from filing a timely habeas corpus petition. The one-year limitations period runs from "the date

- 4 -

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Court of Appeals issued a decision affirming Petitioner's convictions on April 10, 2012. *See People v. Zummermann*, No. 300757, 2012 WL 1192187 (Mich. Ct. App. Apr. 10, 2012). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on September 4, 2012. *See People v. Zimmermann*, 819 N.W.2d 911 (Mich. 2012). The one-year limitations period began to run 90 days later on December 3, 2012. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Thereafter, Petitioner had one year, until December 3, 2013, to file his habeas corpus petition. According to the complaint, Defendant Hardiman left her position in July 2013, more than four months before the statute of limitations expired. Plaintiff claims that he did not have any difficulties with the new librarian; nevertheless, Plaintiff does not allege or show that he made any efforts to prepare or file a federal habeas corpus petition challenging his 2010 convictions before the statute of limitations expired.[2] Because Plaintiff had several months remaining in which he could have timely filed a timely habeas corpus petition after Hardiman left her position, the Court cannot find that Hardiman's alleged conduct resulted in actual injury.

Even if Plaintiff could show actual injury, the Court cannot grant the relief he seeks. Plaintiff asks to be allowed to file a federal habeas corpus petition. This Court cannot grant such relief under § 1983; rather, Petitioner must file a federal habeas corpus petition under 28 U.S.C. § 2254. *See Preiser v Rodriguez*, 411 US 475, 500 (1873). While the statute of limitations has expired, Petitioner may file a habeas corpus action and argue that he is entitled to equitable tolling

---

[2]To the extent Plaintiff claims that Hardiman denied him indigent loans for legal copies for other federal complaints, Plaintiff fails to allege actual injury. Accordingly, he fails to state a claim.

of the statute of limitations as a result of Defendant Hardiman's alleged conduct. It will be for the habeas court to determine whether Petitioner is entitled to equitable tolling of the statute of limitations.[3]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   May 8, 2014                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge

---

[3] A habeas petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. 2549, 2562-63 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 749.